**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: SOPHIA MUJOVIC, | : | Chapter 7 |
| Debtor. | : | Case No. 5:11-bk-05711-JJT |

| | | |
|---|---|---|
| **WILLIAM G. SCHWAB, Trustee for the** | : | |
| **Estate of Sophia Mujovic,** | : | Nature of Proceeding: |
| Movant, | : | Motion to Compel |
| vs. | : | |
| SOPHIA MUJOVIC, | : | |
| Respondent/Debtor. | : | |

**MOTION TO COMPEL DEBTOR TO TURNOVER RENT PROCEEDS
AND ALL DOCUMENTS EVIDENCING THE PROJECTED SALE OF DEBTOR'S
RENTAL PROPERTY AND BUSINESS INCLUDING THE AGREEMENT OF SALE**

AND NOW COMES William G. Schwab, the duly appointed Chapter 7 Trustee of the above-captioned Debtor, by and through his attorneys, William G. Schwab & Associates, and moves this Honorable Court for an Order compelling the Debtor to turnover Estate property to the Trustee by averring as follows:

1. Movant is the duly appointed, qualified and acting Chapter 7 Trustee to administer the Debtor's Estate, having his place of business at 811 Blakeslee Boulevard Drive East, P.O. Box 56, Lehighton, Pennsylvania 18235 (hereinafter "Trustee").

2. The Respondent/Debtor, Sophia Mujovic (hereinafter the "Debtor"), is the Debtor in this bankruptcy case with a last known address of 588 W. Green Street #1, Hazleton, Pennsylvania 18201.

3. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 17, 2011.

4. As part of the Debtor's duties pursuant to Section 521(a)(4) of the United States Bankruptcy Code, the Debtor shall surrender to the Trustee all property of the Estate.

5. Pursuant to 11 U.S.C. § 541(a)(1), property of the bankruptcy Estate comprises

1

***all legal or equitable interests*** of the Debtor in property as of the commencement of the bankruptcy case (emphasis added).

6. Pursuant to 11 U.S.C. § 541(a)(6), property of the bankruptcy Estate comprises proceeds, product, **rents**, or profits of or from property of the Estate, except such as are earnings from services performed by an individual Debtor after the commencement of the case (emphasis added). *See In re Moody,* 241 B.R. 238, 242 (Bankr. M.D.FL 1999) (Rents colleted from a townhouse that was property of the estate were also property of the estate); *In re Bryant Manor,* 422 B.R. 278, 288 (Bankr. KS 2010) (stating that under the clear and unambiguous language of § 541(a)(6), any rents derived [from property of the Estate] also constitute property of the bankruptcy Estate as a matter of federal bankruptcy law).

7. Pursuant to 11 U.S.C. § 521(a)(3), the Debtor has a duty to cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under the United States Bankruptcy Code.

8. On her Schedules, Debtor revealed that she is the landlord of a rental property known as King's Pizzeria which is located at 511 West Broad Street in Hazleton, Pennsylvania, 18201.

9. On her Schedules, Debtor also revealed that she earns three thousand dollars ($3,000) in monthly income as a result of the rent she receives from the above rental property.

10. On August 23, 2011, Trustee sent the Debtor's attorney a letter requesting that this $3,000 a month be turned over to the him. This letter is attached as Exhibit "A".

11. In response to the Trustee's request, the Debtor refused to turn over these rent proceeds to the Trustee as Estate property.

12. The rents derived from the rental property in the amount of $3,000 per month is property of the estate via 11 U.S.C. § 541(a)(6).

13. The 341 meeting was held in on September 17, 2011, at the Hazleton City

2

Hall, Council Chambers located at 40 North Church Street in Hazleton, Pennsylvania.

14. At the 341 meeting, the Debtor disclosed to the Trustee that she was intending to enter into an Agreement of Sale regarding the above rental property by which both the business and the real estate would be sold to a third party.

15. At the 341 meeting, the Trustee requested that the Debtor supply him with a copy of this Agreement of Sale.

16. At the 341 meeting, the Trustee also requested the turnover of each of the monthly rent payments of $3,000 acquired by the Debtor after the filing of her bankruptcy petition.

17. In an email dated September 30, 2011, and addressed to Debtor's attorney, the Trustee once again requested the turnover of each of these $3,000 rent payments and the Agreement of Sale. This email is attached as Exhibit "B".

18. Despite these repeated requests, the Debtor has refused to supply the Trustee with either the rent payments or the Agreement of Sale.

19. At the time of the filing of this Motion, Debtor has received three (3) post-petition rent payments totaling nine thousand ($9,000.00) dollars.

20. As such, Debtor has refused to comply with her duties to turnover Estate property to the Trustee totaling $9,000.00 pursuant to 11 U.S.C. 521(a)(4) or to cooperate with the Trustee pursuant to 11 § 521(a)(3).

21. The Trustee has a duty to investigate the financial affairs of the Debtor pursuant to 11 U.S.C. § 704(a)(4).

22. The Trustee also has a duty to collect and reduce to money the property of the Estate for the benefit of creditors pursuant to 11 U.S.C. § 704(a)(1).

23. Because of the Debtor's refusal to turn over the $9,000.00 in rent proceeds to the Trustee, the Estate has been prejudiced in that the Trustee is unable perform his duties

and collect all eligible property of the Estate for the benefit of unsecured creditors.

24. Because of the Debtor's refusal to supply the Trustee with the Agreement of Sale in connection to her rental property and business, the Estate has been prejudiced in that the Trustee is unable to perform his duties and investigate the financial affairs of the Debtor.

25. Pursuant to 11 U.S.C. § 105(a), this Court may issue any order that is necessary or appropriate to carry out the provisions of this title. Contempt proceedings may be made by motion pursuant to Rules 9020 and 9014 of the Federal Rules of Bankruptcy Procedure.

26. The Debtor should be compelled to cooperate with the Trustee and fulfill her statutory duties pursuant to 11 U.S.C. 11 § 521.

WHEREFORE, the Trustee respectfully requests an Order compelling Debtor to turn over the $9,000.00 worth of rent proceeds she had received between the filing of her bankruptcy petition and the date of the filing of this motion; to turnover all other monthly rent payments she had received or will receive post-petition in addition to the above-mentioned $9,000.00; to turnover any and all documents evidencing an agreement of sale regarding the rental property and business, including the agreement of sale; and for any such other and further relief as this Honorable Court deems fair and just.

Respectfully Submitted,

**WILLIAM G. SCHWAB & ASSOCIATES**

Dated: October 7, 2011   By:  /s/ Adam R. Weaver
**ADAM R. WEAVER, ESQUIRE**
Attorney for Trustee
Attorney I.D. No. 208766
811 Blakeslee Blvd. Drive East
P.O. Box 56, Lehighton, PA 18235
(610) 377-5200, Fax (610) 377-5209

10-6-11.sem.Mujovic-18168-2.4